No. 938

First Circuit

---

NAPOLEONVILLE MOSS MFG. CO. ET AL. v. TEMPLET ET AL.

---

(February 8, 1932. Opinion and Decree.)

---

Pugh & Lanier, of Thibodaux, attorneys for plaintiffs, appellees.

Simmons & Simmons, of Napoleonville, attorneys for defendants, appellants.

LeBLANC, J. This appeal comes before us from a judgment in the lower court which sustained a plea of estoppel filed on behalf of the defendant, and dismissed plaintiff's suit.

Aldes Templet, minor son of William Templet, formerly worked for the Napoleonville Moss Manufacturing Company, a commercial partnership composed of R. I. Schwing and Alphonse Blanchard. While performing services in the course of his employment, he was injured, and on October 23, 1930, filed suit in the district court in the parish of Assumption, to recover compensation in the sum of $368.20.

It appears that citation in said suit was issued by the clerk of court addressed to Napoleonville Moss Manufacturing Company, "through its proper officers" on the day that suit was filed, and the return of the sheriff shows that he made domiciliary service thereof on Alphonse Blanchard, by leaving the same with the latter's wife, Mrs. Emily Blanchard, at his domicile in the parish of Assumption. There was no citation issued to or served on Schwing & Blanchard nor on the Napoleonville Moss Manufacturing Company.

On October 28, 1930, William Templet, the minor's father, who was conducting the proceeding on his behalf, filed a supplemental petition in which he prayed for an order of court to fix a date for the hearing of his complaint. Service of this petition was accepted by Alphonse Blanchard, individually, and again there was no service made on either Schwing or the Napoleonville Moss Manufacturing Company.

There were no pleadings filed in defense of the suit, and on November 21, 1930, judgment was rendered in favor of the plaintiff in the sum prayed for, against Schwing & Blanchard and Alphonse Blanchard, individually.

The present suit has for its purpose the annulment of that judgment, on the following grounds, to-wit:

1. For lack of citation on the Napoleonville Moss Mfg. Co., and on the firm of Schwing & Blanchard who were parties defendant in the suit.

2. Because the cause of action, if any, was primarily one for compensation for alleged injuries received while the plaintiff was performing services for his employer, under the provisions of the Employers' Liability Law, Act No. 20 of 1914, and the amendments thereto, and no lump sum judgment can be rendered against an employee without his consent.

There is a third ground stated in the petition, but it appears to us to be the same as that urged under heading No. 2, stated a bit more elaborately perhaps.

Defendant first filed an exception to the citation, urging certain defects therein; but there seems to have been no action taken on this exception in the lower court, and as the matter is not called to our attention, we take it that that exception has been abandoned.

Defendant next filed the plea of estoppel on which the matter was heard and resulted as already stated in a judgment in his favor, dismissing the suit. As the estoppel pleaded was strictly against the plaintiff Alphonse Blanchard, the judgment of dismissal was as against him only, and only in so far as it sought to relieve him of the force and effect of the judgment complained of.

The plea of estoppel is quite a lengthy document, but as it recites facts which are for the most part embodied in an agreed statement of facts on which the case was tried, it is unnecessary for us to quote from it.

This agreed statement of facts covers the pleadings and the action taken in court in the former suit, very much as it has been here recited, except that it might be mentioned that the judgment was rendered on confirmation of default. It further establishes that Schwing, Blanchard's partner, was not served with citation, because of the latter's special request that that be not done as the partnership had been dissolved. That request was made by Blanchard of the sheriff and the latter would not take it upon himself to do so before consulting plaintiff's attorneys in the suit. The sheriff communicated with those attorneys, and they in turn took the matter up with Blanchard, who stated to them "that he was willing that a judgment be rendered against him in the matter, as the claim was fully covered by insurance and that the insurance company would pay the claim as soon as judgment was rendered." It was after this assurance given them, that these attorneys prepared a supplemental petition asking for the date to be set for a hearing, and replying upon them, presented Mr. Blanchard with the same and asked him to accept service and waive citation. He made no defense whatever and permitted judgment to go against him by default.

The statement of facts further establishes that prior to the filing of any proceedings in court, the indemnity company had written plaintiff's attorneys, who are defendant's attorneys in this suit, stating that it would pay a judgment which would show to whom the compensation should be paid, and that this letter was shown to Mr. Blanchard previous to the confirmation of the default judgment. The judgment was then obtained, and upon being furnished with a copy thereof, the indemnity company took the position that as it was not a party to the litigation and Mr. Blanchard had not notified them of the suit as he had to do under the terms of the policy, it declined payment. Mr. Blanchard was apprised of this fact, whereupon he called on the attorneys representing the claimant and told them that he personally would take the matter up with the insurance company and that if they did not pay the judgment, he would pay it, asking them in the meantime, not to issue execution on it. These attorneys requested of him that they be notified of the result of his conference or communications with the insurance company which he agreed to do, but, instead, he filed the present suit to have the judgment annulled.

As stated by the learned trial judge, in his reasons for judgment, "it would be difficult to construct a stronger estoppel than Mr. Blanchard has manufactured for him-

self." According to this agreed statement of facts, the defendant's whole course of action in the former suit was changed from what he originally intended it to be, and that change came about only because of the influence which the representations of the plaintiff Blanchard herein exerted over him. He acted upon those representations in entire good faith and Blanchard cannot be heard now to complain about the course of action he pursued, and defeat him in it, to his injury. That is the essence of the doctrine of estoppel. McConnell v. Ory, 46 La. Ann. 564, 15 So. 424; Willis Curl v. Bank, 104 La. 548, 29 So. 234.

Plaintiff suggests in brief of his counsel that the defendant here, who is plaintiff in the other suit, could not have suffered any injury because of the failure to cite Schwing and the Napoleonville Moss Manufacturing Company, as it is not necessary to cite all the members of a commercial partnership, meaning, we presume, that citation and service on Alphonse Blanchard was sufficient to bring the partnership into court. If that be true, the query arises: What becomes of his complaint in this suit which is based on this very want of citation and of service, as we read his petition? On the other hand, should plaintiff here be successful in annulling the judgment in the other suit on the ground that there was not proper citation and service, it seems plain to us that this defendant would suffer a grave injury, and one which was brought about solely because he acted in good faith on the representations made to him by the plaintiff. We are clearly of the opinion that the lower court correctly sustained the plea of estoppel.

We now come to the second ground on which the judgment in the former suit is attacked, namely, that it should not have been rendered for a lump sum and have concluded that there is not any more merit in the contention made on this point than on the first, in view of the agreed statement of facts. It would be difficult to get around the proposition, urged by counsel for defendant, that the judgment was one by agreement and consent on the part of Mr. Blanchard. The compensation statute provides that the amounts payable as compensation may be commuted to a lump settlement "by agreement of the parties after having been approved by the Court as reasonably complying with the provisions of this Act. * * *" Paragraph 9, section 8, of Act No. 242 of 1928. It is noted that the statute does not specify any form of agreement, neither does it provide that the agreement shall be in writing. Under the statement of facts agreed upon, it is shown by that part already quoted from, to the effect that Blanchard stated to defendant's attorneys that he was willing that judgment be rendered against him, there was an agreement on his part to justify the court in rendering the judgment in the form that it did. Moreover, he did not contest it in any way, and even promised to pay it after it had been rendered if the insurance company would not. In this connection, the thought arises in our minds whether it was not because of the insurance company's refusal to pay that this action in nullity was conceived and instituted. It may act as a hardship on Mr. Blanchard that he will perhaps have to pay the judgment, but it would be wholly unjust and inequitable to make the claimant, who acted in utter good faith throughout on the representations he made, suffer for his laches in failing to have notified the insurance company of the pending suit for compensation.

We are convinced of the correctness of the judgment of the lower court, and it is accordingly affirmed.